# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CARLTON MIMS,

    Plaintiff,

vs.

J. ALBERT, et al.,

    Defendants.

1:13cv02001 LJO DLB PC

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION

**THIRTY-DAY DEADLINE**

    Plaintiff Carlton Mims ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. He filed this action on December 6, 2013. Plaintiff filed a First Amended Complaint ("FAC") as of right on January 6, 2014. Plaintiff names Appeals Coordinator J. Albert, Correctional Officers Martin, Valdivia and Gorman[1] and the Wasco State Prison Reception Center as Defendants.

**A.**     <u>**LEGAL STANDARD**</u>

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] Plaintiff states that he is unsure if the correct spelling is "Gorman" or "Gordon."

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

B.     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Calipatria State Prison. The events at issue occurred at Wasco State Prison.

Plaintiff alleges that on July 2, 2013, he arrived at the Wasco State Prison Reception Center from Riverside County Jail. Defendants Martin, Valdivia and Gordon were at the Reception Center and interviewed Plaintiff. Upon arrival, Plaintiff had his personal property, including civilian clothing, shoes, a wallet and a cell phone. Defendant Gorman saw his phone and appeared "amazed" by it. FAC 10. He turned the phone on and walked over to show it to Defendant Valdivia. Both of the officers then walked over and showed the phone to Defendant Martin.

Defendant Gorman returned to Plaintiff and told him that he could either donate the phone or throw it into the trash. Plaintiff said "neither" and explained that he had just bought his phone a few weeks ago. He told the officers several times that he wanted to send the phone, along with the rest of his property, home. Defendant Gorman became aggressive and told Plaintiff that he could not mail it home. He ordered Plaintiff to get back into his cell. Plaintiff asked if he could get some numbers and addresses off his phone, and Defendant Gorman told him to get back into his cell. Plaintiff asked at least two more times if he could send his property home and Defendant Gorman told him that it would take too long. Defendant Gorman placed Plaintiff's clothing and shoes into a plastic bag.

As Plaintiff was walking back to his cell, Defendant Gorman went back to looking at his phone. He showed the phone to Defendant Valdivia again and then placed the phone into a locked metal box on the counter. Plaintiff believes that Defendants illegally took his phone and sold it on the black market.

Plaintiff alleges that Defendants Martin, Valdivia and Gorman violated his rights by falsifying legal documents indicating that Plaintiff elected to donate his property. Plaintiff states that he never signed the property receipt.

Finally, Plaintiff alleges that Defendant Albert would not provide him with the required documents to appeal the issue.[2] Plaintiff further explains that he has not been able to get responses to his inquiries about the return of his property.

C.  **DISCUSSION**

　　1.　Property Claim

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful, postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.1984). Where the deprivation is unauthorized, due process is satisfied if there is a meaningful postdeprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533. In California, an adequate post-deprivation remedy is available under California law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir.1994) (citing Cal. Gov't Code §§ 810–895).

Plaintiff's claim is based on his belief that his phone, as well as other personal property, was taken from him upon his arrival at Wasco State Prison and either thrown away or "stolen for personal reasons." FAC 6. Plaintiff states that this was done illegally and without his permission.

Plaintiff therefore alleges an unauthorized deprivation of property for which there is an adequate post-deprivation remedy under California law. Accordingly, his claim is not actionable under the Due Process Clause and he fails to state a claim for which relief may be granted.

---

[2] Plaintiff attaches his inmate appeal and the numerous rejections for failure to attach supporting documents.

4

### 2. Appeals Claim

Next, Plaintiff alleges that Defendant Albert refused to provide the documents required to appeal his property issue. He alleges that Defendant Albert gave him the run-around until he was transferred to Calipatria State Prison. However, Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Moreover, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. As Plaintiff has not stated an underlying constitutional claim, that circumstance has not been presented here.

Plaintiff therefore fails to state a claim against Defendant Albert.

### 3. Wasco State Prison Reception Center

Plaintiff names the Wasco State Prison Reception Center as a Defendant. Plaintiff is advised that he may not sustain an action against a state prison. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant, regardless of the relief sought. See Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012); Natural

Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).

As the Wasco State Prison Reception Center is a part of the California Department of Corrections, which is a state agency, it is entitled to Eleventh Amendment immunity from suit.

### D. **CONCLUSION AND RECOMMENDATION**

Plaintiff's complaint fails to state any cognizable claims against any Defendant. Based on the nature of the deficiencies in Plaintiff's claims, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The Court therefore recommends that Plaintiff's complaint be DISMISSED WITHOUT LEAVE TO AMEND. These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 23, 2014**         /s/ Dennis L. Beck
                                  UNITED STATES MAGISTRATE JUDGE